```
                IN THE UNITED STATES DISTRICT COURT
                    WESTERN DISTRICT OF ARKANSAS
                         FORT SMITH DIVISION

TOM JOINER and MARGARET PICKENS                              PLAINTIFFS

v.                        Case No. 2:10-CV-02053

CITY OF WALDRON; WALDRON CITY
COUNCIL; RANDY BUTLER, Mayor;
WALDRON MUNICIPAL AIRPORT;
JANE DOES 1-3 and JOHN DOES 1-3                              DEFENDANTS
```

**O R D E R**

The Court has carefully reviewed the full record in this case and, being well and sufficiently advised in the current matter, now raises *sua sponte* the issue of subject matter jurisdiction. In contemplating this issue, this Court has taken into consideration any and all documents on the record, including previous orders of the Court. The pendency of the jury trial in this case has compelled the Court to reconsider whether the Plaintiffs have, in fact, properly invoked the jurisdiction of this Court.

Subject matter jurisdiction and the issue of this Court's authority to hear this action may be raised at any time. Fed. R. Civ. P. 12(h)(3). This Court has an affirmative duty to ensure that any claims before it are within its subject matter jurisdiction, because "no case can properly go to trial if the court is not satisfied that it has jurisdiction." *Crawford v. United States*, 796 F.2d 924, 928 (7th Cir. 1986); *see also Strange v. Arkansas-Oklahoma Gas Corp.*, 534 F. Supp. 138, 139 (W.D. Ark. 1981) (noting court's "obligation and duty to carefully consider the

pleadings...to determine whether subject matter jurisdiction exists"). The court has the power *sua sponte* to dismiss a complaint for failure to state a claim under Rule 12(b)(6). *Martin-Trigona v. Stewart*, 691 F.2d 856, 858 (8th Cir. 1982)(*per curiam*).

After thorough review of the record in this case, it appears to the Court that Plaintiffs have failed to state a claim under 42 U.S.C. § 1983. To state a claim under 42 U.S.C. § 1983, the complainant must allege facts, which if proven true, would demonstrate that the named defendants violated the complainant's federal constitutional rights while acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Moreover, "[l]iability under section 1983 requires a causal link to, and direct responsibility for, the deprivation of rights" protected by the Constitution. *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990); *Speech v. Ramsey County*, 954 F. Supp. 1392, 1397 (D. Minn. 1997). For purposes of this opinion, all facts alleged by Plaintiffs in their Complaint are assumed to be true. *See Wisdom v. First Midwest Bank of Poplar Bluff,* 167 F.3d 402, 405 (8th Cir. 1999). The facts of the case have been previously stated by both the parties and the Court in this case. A restatement of the facts is not necessary here.

Plaintiffs' Complaint alleges both inverse condemnation and "constitutional deprivation." (Doc. 1, ¶¶ 22-29). A claim of inverse condemnation will not ripen into a federal claim under 42 U.S.C. § 1983 unless a plaintiff first seeks compensation from the

state if adequate state procedures are available. *McKenzie v. City of White Hall*, 112 F.3d 313, 317 (8th Cir. 1997). Arkansas law provides an adequate remedy in inverse condemnation cases through Ark. Code. Ann. § 18-15-102. The Court finds, therefore, that since Plaintiffs have not exhausted the state remedies available to them, their inverse condemnation claim is not ripe for adjudication by a federal court.

While Plaintiffs also allege that Defendants have acted in a way depriving them "of their constitutionally protected property interest, in particular their home, property, and health" (Doc. 1, ¶ 27), upon careful review this claim appears to the Court to be derivative of the inverse condemnation claim. Plaintiffs do not plead any separate facts which would elevate their inverse condemnation claim to a constitutional claim under 42 U.S.C. § 1983, and Plaintiffs' allegation that their health has been adversely affected by Defendants' action does not give rise to a separate, cognizable claim under 42 U.S.C. § 1983.  Further, although discovery has been completed and jury trial is currently scheduled for March 22, 2011, Plaintiffs have not disclosed any expert testimony, toxicology reports, or other evidence that they intend to present at trial that could provide a causal link between Defendants' actions and Plaintiffs' health problems.

The Court accordingly finds that it lacks jurisdiction over the present matter. Therefore, it is hereby ORDERED that this matter be DISMISSED for failure to state a claim under 42 U.S.C. §

1983.

The Court further notes that although a jury trial was scheduled in this case for March 22, 2011, neither Plaintiffs nor Defendants have filed jury instructions as instructed by the Court in the Final Scheduling Order (Doc. 9) filed on August 11, 2010. The parties, however, are relieved of this duty, as jury trial is cancelled as a result of this Order.

IT IS SO ORDERED this 15th day of March 2011.

/s/ Paul K. Holmes, III
Paul K. Holmes, III
United States District Judge